UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:17-cv-62493

VOIT TECHNOLOGIES, LLC,

    Plaintiff,

vs.

ETREND MEDIA GROUP, LLC,

    Defendant.

_____/

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, VOIT Technologies, LLC ("VOIT" or "Plaintiff"), sues Etrend Media Group, LLC ("Etrend" or "Defendant"), for patent infringement, and alleges:

**NATURE OF THE ACTION**

1. VOIT owns United States Patent No. 6,226,412 B1 (the "'412 Patent") by assignment. *See* Composite Exhibit "A."

2. The Abstract of the '412 Patent states:

> Methods and apparatus are described which provide secure interactive communication of text and image information between a central server computer and one or more client computers located at remote sites for the purpose of storing and retrieving files describing unique products, services or individuals. Textual information and image data from one or more of the remote sites are stored separately at the location of the central server, with the image data being in a compressed form, and with the textual information being included in a relational database with identifiers associated with any related image data. Means are provided at the central computer for management of all textual information and image data received to ensure that all information may be independently retrieved. Requests are entered from remote terminals specifying particular subject matter, and the system is capable of responding to multiple simultaneously requests. Textual information is recalled and downloaded for review along with any subsequently requested image data to be displayed at a remote

1

site. Various modes of data and image formatting are also disclosed, including encryption techniques to fortify data integrity.

3. VOIT was formed in 2012 to commercialize inventions created by its founder, Barry Schwab.

4. The subject of the '412 Patent was Mr. Schwab's vision and passion for several years. He attempted to commercialize the subject of the '412 Patent, unfortunately without success. Mr. Schwab was ahead of his time. It would take years for online commerce to become popular.

5. Through this Complaint, VOIT alleges direct patent infringement, in violation of 35 U.S.C. § 271, against Defendant, as set forth below in Count I.

## PARTIES

6. VOIT is a limited liability company organized and existing under the laws of the State of Florida, and maintains its principal place of business at 1909 Crown Pointe Boulevard, Pensacola, Florida 32506.

7. Etrend is a limited liability company organized and existing under the laws of the State of Florida, and maintaining its principal place of business at 3375 N Country Club Dr., Suite 1407, Aventura, Florida 33180.

## JURISDICTION AND VENUE

8. Pursuant to 28 U.S.C. §1338(a), this Court has original jurisdiction over the subject matter of this action because this is an action arising under the patent laws of the United States, including 35 U.S.C. § 1 *et. seq.*

9. This Court has personal jurisdiction over Defendant because it is a limited liability company having its principal place of business in the State of Florida, and the Southern District of Florida. Moreover, Defendant has conducted and does conduct business within the

State of Florida, and the Southern District of Florida.  Defendant, directly and/or through authorized agents (including, but not limited to, subsidiaries, distributors, third party administrators, and the like), offers for sale, sells, and advertises its products and services in the United States, the State of Florida, and the Southern District of Florida.  Defendant, directly and/or through its authorized agents, has committed the tort of patent infringement within the State of Florida, and more particularly, within the Southern District of Florida.  Defendant is engaging in substantial and not isolated activity within the State of Florida.

10. Pursuant to 28 U.S.C. §1400, venue is proper in this District.

### GENERAL ALLEGATIONS

11. The inventions claimed by the '412 Patent represent a significant advance over the prior art.

12. By reviewing publically available information including, but not limited to, the articles or relevant portions thereof attached hereto as Composite Exhibit "B," VOIT learned that Etrend infringed at least claims 1, 3-6, 8-10, 12, 13, and 17-23[1] of the '412 Patent through the use of certain e-commerce software and hardware to provide Etrend's website and online store, www.shadesdaddy.com.

13. VOIT has prepared a claim chart, which is attached hereto as Exhibit "C," and is incorporated by reference herein ("Preliminary Claim Chart").

---

[1] Dependent claim 19 erroneously reads "[t]he method of claim 1, wherein the second image format is identical to the second image format."  VOIT respectfully requests this Court correct claim 19 and read it as "[t]he method of claim wherein the second image format is identical to the <u>first</u> image format," since this error is evident on the face of the '412 Patent, and the requested correction is supported by the Patent's specification. *See* '412 Patent 7:66-8:22 ("In yet another embodiment, it should be understood that the image files may be stored in one particular format and remain in the same format as at the time of receipt and storage").

14. The Preliminary Claim Chart alleges and explains how Etrend performs each and every step of one or more claims of the '412 Patent.

15. Further, to the extent that Etrend is considered to not perform any of the claimed steps itself, the Preliminary Claim Chart alleges and explains how Etrend directs or controls another to perform such steps.

16. To the extent that any of the claimed method steps are considered to be performed by another entity, Etrend has contracted with such entity to perform such steps pursuant to a service agreement, and Etrend conditions payment to such entity upon such entity's performance of such steps.

17. All conditions precedent to bringing this action have occurred or been waived.

18. VOIT has retained counsel to represent it in this matter and is obligated to pay its counsel a reasonable fee for its services.

### COUNT I: DIRECT INFRINGEMENT OF THE '412 PATENT

19. The allegations contained in paragraphs 1-18 above are hereby re-alleged as if fully set forth herein.

20. As set forth on Exhibit C, in violation of 35 U.S.C. § 271, and in connection with the use of its website and online store www.shadesdaddy.com in the United Sates, Etrend infringed the '412 Patent either literally or under the doctrine of equivalents, by performing each and every step set forth in at least claims 1, 3-6, 8-10, 12, 13, and 17-23 of the '412 Patent.

21. VOIT has been damaged by Etrend's infringement.

**WHEREFORE**, VOIT respectfully requests the Court enter a judgment:

A. Finding that Etrend infringed the '412 Patent;

B. Awarding VOIT the greater of (a) damages adequate to compensate for the patent infringement that has occurred plus any enhancement of these damages the Court deems just under 35 U.S.C. § 284, or (b) a reasonable royalty;

C. Awarding VOIT pre-judgment interest and costs; and

D. Awarding VOIT all such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: December 18, 2017.

Respectfully submitted,

*/s/ David Tamaroff*
**David F. Tamaroff, Esq.**
Florida Bar No. 92084
Email: dt@lipscombpartners.com
**LIPSCOMB & PARTNERS, PLLC**
25 SE 2nd Avenue, 8th Floor
Miami, Florida 33131
Telephone: (786) 431-2228
Facsimile: (786) 431-2229
*Counsel for Plaintiff*